UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Gina Purvis,         )
      Plaintiff   )
                     )
                     )     Case No. 05-1348 and 05-1350
                     )
Board of Education, et al,  )
      Defendants  )

**ORDER**

Now before the court are three motions for protective order (#63, 64 and 75) filed by Plaintiff, a motion to strike (#76) filed by Plaintiff, and a motion to compel (#69) filed by Defendants Bernebei and City of Spring Valley. A hearing was held on September 6, and I have carefully considered the written and oral arguments of the parties.

**FIRST MOTION FOR PROTECTIVE ORDER #63**

In this motion, Plaintiff asks that she not be required to answer the following interrogatory:

> Have you ever engaged in sexual relations or sexual foreplay with John Doe[1] and if so, state:
> (a)   The date and location of said sexual activities.
> (b).  A detailed description of the sexual activities.
> (c).  Whether the sexual activities included oral sex and a description of those activities.

Plaintiff argues that the interrogatory was propounded to annoy, embarrass and oppress Plaintiff, asks for testimony that is not relevant, and is barred by discovery rules. She also points out that this same information was barred at the criminal trial.

---

[1] Throughout Plaintiff's motion, this person is identified as "John Doe." Defendants' Motion to Compel - discussed below - identified the person. The Motion and supporting memorandum and exhibits were sealed by the court pending ruling on this motion.

In their response, Defendants assert that the details about the relationship provided by Doe are remarkably similar to the details provided by the student who accused Purvis of having engaged in a sexual relationship with him. Some of these details are about the nature of the sexual acts allegedly performed by Plaintiff. Defendants argue that they must defend against Plaintiff's claims that they lacked probable cause to arrest her and that the investigation was inappropriate and not thorough. To do so, they must "delve into the information and statements they gathered during their investigation." In other words, they claim they must determine the truthfulness of the reports of the student and John Doe. They also claim that she has already put her personal and private life at issue in this case.

The Defendants' argument stems from a single premise: that an adult's involvement in an extra-marital sexual relationship with another adult is relevant to a sexual assault on a minor student. Stated like that, the logical fallacy of the premise becomes apparent. That there may have been some similar details in the accounts of the student and the accounts of the adult does not somehow amend that underlying fallacy.

In addition to its logical flaw, the premise is flawed as a matter of evidence, procedure and substance. First and foremost, the argument fails substantively. Probable cause existed if, at the time of arrest, knowledge based on reasonably trustworthy information was sufficient to lead a prudent person to believe that a suspect has committed a crime. United States v. Brown, 366 F.3d 456, 458 (7th Cir.2004). Probable cause is a fluid concept based on common-sense interpretations of reasonable police officers as to the totality of the circumstances at the time of arrest. Id. at 458. See, U.S. v. Breit, 429 F.3d 725, 728 (7th Cir. 2005). "So long as the totality of the circumstances, viewed in a common sense manner, reveals a probability or substantial chance of criminal activity on

the suspect's part, probable cause exists." U.S. v. Parra, 402 F.3d 752, 764 (7th Cir. 2005); United States v. Sawyer, 224 F.3d 675, 679 (7th Cir.2000).

Implicit in Fourth Amendment jurisprudence's emphasis on reasonableness is that factors included in the "totality of circumstances" must be reasonably related to the suspected criminal activities. It would not be reasonable to consider unrelated, extraneous or peripheral matters. Here, the defendants did just that: they considered information that was not reasonably related to the possible criminal activity that they were investigating. Because that information had nothing to do with the possible criminal activity, proof of the truth of that information is similarly irrelevant to this court's determination of whether other factors were sufficient to support Defendants' conclusion of probable cause.

As a matter of procedure, under Fed.R.Civ.P. 26, discovery must be "relevant to the claim or defense." As discussed below, the information sought by the Defendants is not admissible in this case. While Rule 26 does allow discovery of information that is not itself admissible, it must be "reasonably calculated to lead to the discovery of admissible evidence." Whether Plaintiff actually had an affair with John Doe is not relevant to the determination of probable cause, either because the truthfulness of Doe's assertions was not known at the time of that determination or because the entire matter is not pertinent as a matter of law to that determination in this case. The truthfulness of John Doe's assertions is neither admissible nor reasonably calculated to lead to discovery of evidence that is admissible, so discovery that solely relates to that issue will not be allowed.

Finally, as a matter of evidence, this information is inadmissible for several reasons. Most importantly, it is not relevant. Fed.R.Evid. 401 defines relevant evidence as that "having a tendency to make the existence of any fact that is of consequence to the

3

determination of the action more probable or less probable than it would be without the evidence." I do not believe that alleged details about Plaintiff's adult sexual relationships tend to show anything at all about any fact that is of consequence in this case that is about accusations of sexual assault on a minor student. Because only relevant evidence is admissible, Fed.R.Evid. 402, this information cannot come in.

Even if it were relevant, however, it would not be admissible. Neither evidence of character and character traits nor evidence of other acts to prove character in order to show action in conformity therewith are admissible. Fed.R.Evid. 404(a) and (b). Under Federal Rule of Evidence 404(b), evidence of other acts may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, or identity. Rule 404(b) evidence is properly admitted if: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. U.S. v. Long 86 F.3d 81, 83 -84 (7th Cir.1996).

The only purpose articulated by the Defendants is that Plaintiff's alleged extramarital affair is evidence suggesting that she acted in conformity when she assaulted the student. Moreover, the requisite similarity is missing. Finally, prejudice to the Plaintiff were this evidence admitted is foreseeable. Given the at-best marginal relationship between the alleged affair and the alleged assault on the student, this prejudice clearly and substantially outweighs any probative value. Id. See, Fed.R.Evid. 403.

Defendants also argue that facts about Plaintiff's relationship with John Doe go directly to her claim for pain and suffering, emotional distress, and damage to personal and professional reputation. I disagree. The injuries for which she seeks damages in this litigation - for example, being designated a sex offender, thereby losing her legal ability to perform her profession, and the specific effect on her personal reputation of this type of accusation - are wholly distinct from any ramifications that might result from having an affair with an adult. These types of damages resulting from a claim that she engaged in felonious conduct by having had sex with a minor would not be mitigated by the fact of (or the rumor of) an extra-marital affair with an adult.

Matters related to Plaintiff's alleged relationship with an adult male were improperly considered during the investigation, and they were improperly considered in the determination of probable cause. That error will not be repeated in this civil litigation. Evidence and testimony about all such matters are therefore excluded in their entirety from this litigation. Doe's testimony and any testimony about what Doe told the Defendants is barred in its entirety. Plaintiff's motion for protective order on this issue is granted.

Plaintiff also seeks protection of the identity of the adult male named in the interrogatory - he is referred to in these pleadings as John Doe. Defendants argue that using a pseudonym to protect the identity of an adult witness is wholly improper. They assert there is no case law and no rule of evidence that would permit such an action.

Given the ruling that Doe's testimony and any other testimony or evidence about him is inadmissible, I see no reason to disclose his identity in this litigation. Implementation of this ruling is further discussed below in the context of the now-sealed motion to compel.

Defendants also point out that Plaintiff has ignored this court's privacy rules by identifying the minor student by name in her lawsuit against him in the related case. Defendants do not have standing to raise the privacy interests of another party. Ruling on that matter is therefore not properly before the court.

**SECOND MOTION FOR PROTECTIVE ORDER #64**

In this motion, Plaintiff asserts that answering three of the interrogatories served on her by Defendants would invade attorney client privilege and/or work product privilege. Those interrogatories ask for information about conversations between Nick Esposito (Plaintiff's counsel in this case and co-counsel in the criminal case) and Micky Ribas, the student who accused Plaintiff, before and after the criminal trial. Specifically, Plaintiff is asked to list every conversation between Esposito and Ribas before, during and after the criminal trial. For each such conversation, Plaintiff is asked to identify the persons party to and/or present during the conversation, the date and location of the conversation,, and the "substance" of the conversation. In addition, Plaintiff is asked to state whether Esposito promised Ribas - after the criminal trial - that he would not be sued if he would change his testimony and/or statements about his sexual relationship with the Plaintiff.

According to Plaintiff, the only way she herself could answer this question would be by having her attorney tell her about the conversations, and the telling would make the information privileged. The artificial distinction between knowledge she has and knowledge her attorney has is a distinction without legal significance. Defendants are correct that knowledge of one is imputed to the other. Facts cannot be made privileged simply by the telling; attorney client privilege does not protect facts.

Another problem is that Plaintiff has apparently refused to answer any part of these questions, including whether there were such conversations, as well as the dates and locations and parties to the conversations. That information is not privileged. Plaintiff must answer those questions in their entirety.

The only real issue is whether the substance of any such conversations is privileged. Generally, if an attorney interviews a witness and then prepares a memorandum of that interview, the memo itself is protected as work product. See cases cited in Harper & Row Publishers, Inc. v. Decker, 423 F.2d 487 (7th Cir. 1970). Although no case is cited by Defendants, the same principle should apply even if there is no written memorialization of the interview. Plaintiff need not go through the interview question by question and answer by answer. However, a brief statement of the substance of the conversation - what facts were discussed or disclosed, for example, or what the general topic was - should be revealed. Underlying facts cannot be made privileged simply because they were discussed with counsel. Attorney client privilege does not protect facts.

This motion is denied as follows - the "facts" of the conversation - did they happen, when, where and who was present, and what facts were discussed - should be disclosed. It is granted to the following extent: the format of the conversations (what questions were asked or followed up on, for example) and any other information that would reveal counsel's strategy or thought process need not be disclosed.

In addition, there appears to be a question of whether there are documents that should have been produced. To the extent that Esposito obtained written statements from any witness, those statements must be produced. If Esposito did interview the student and

put notes in writing, he needs to reveal the existence of those notes in a privilege log if he is indeed claiming privilege for such notes.

**THIRD MOTION FOR PROTECTIVE ORDER #75**

Plaintiff says that a Request to Admit served by defendant Board of Education asks her to admit or deny certain portions of the termination/settlement agreement between Purvis and the Board that allowed her to resign without prejudice to her right to proceed in these cases. That agreement contains a confidentiality clause that, according to Plaintiff, remains in effect even though she has pursued litigation. She believes that responding to the request to admit would require her to breach that confidentiality clause. Defendant Board of Education points out that the Request to Admit simply asks her to admit that she resigned her position, and that a response to that question does not require her to disclose any details about the agreement.

This puts Plaintiff in a somewhat difficult position: if she admits she resigned but cannot explain the circumstances of her resignation to a jury, then the admission could damage the way the jury views her case. If Defendant wants her to answer this question and use her response in any way, then she must be allowed to present the entire agreement to the jury. In other words, Defendant must be willing to waive the confidentiality clause of the agreement. If this is done in writing, then Plaintiff must answer the question. If they do not, then the Request to Admit is essentially asking for admission of a legal conclusion (i.e. was this a constructive termination? a voluntary resignation?), improper in a Request to Admit.

To the extent stated herein, the Plaintiff's motion is granted. If, however, Defendants are willing to waive the confidentiality clause in the agreement, they may re-present this

question to Plaintiff along with their waiver, and this Order will not be construed as permitting Plaintiff to object to the question.

**MOTION TO COMPEL #69**

Defendants have filed a motion (Doc. #68) for leave to file their supporting memorandum, which exceeds the page limitations of this court.  The motion is allowed.

Plaintiff has filed a motion to strike (#76) defendant's motion to compel, arguing that the parties were still discussing the disputes raised therein and that there was thus no completion of good faith efforts to resolve the dispute.  The motion to strike is denied in the interests of efficiency.  All matters raised in the pending motions will be dealt with on their merits in this Order.

This motion to compel was filed at the same time as the Plaintiff's First Motion for Protective Order.  Because the Motion to Compel contained the name of John Doe, the court sealed the Motion and related documents upon Plaintiff's motion, pending ruling on the issue.  Because this Order discusses arguments that were made in that Motion, I do not believe the Motion and related documents should remain inaccessible to the public.  However, I do believe - as noted above - that John Doe's identity should not be disclosed.  Accordingly, the Defendants are ordered to redact John Doe's name in all pleadings and exhibits and then to re-file their Motion to Compel and supporting Memorandum with exhibits.  Upon the re-filing of the motion, the clerk is directed to moot it.

In response to written discovery, Plaintiff stated that un-privileged documents would be produced;  in her response she also objected to certain interrogatories[2].  Defendant

---

[2]This motion was filed at nearly the same time as Plaintiff's First Motion for Protective Order.  To the extent that the Motion to Compel deals with the same subject as the First Motion for Protective Order, the arguments were considered above, and the

seeks to compel answers to the interrogatories and further seeks clarification of the documents that have been produced and clarification of those documents withheld on the grounds of privilege.

Plaintiff objected to a question about the type of birth control she used during the relevant time period. Defendants argue that this is relevant because, if she was using none, it would tend to corroborate the statements of the student and John Doe about oral sex. As noted in the discussion above, the issue of and details about John Doe's claims are issues not properly interjected into this case. Question of birth control fall into that same category. To the extent that this question is claimed to be pertinent to the alleged relationship between Plaintiff and the student, the pertinence is remote at best. I find that any probative value would be significantly outweighed by the prejudice to Plaintiff. The motion to compel a response to this interrogatory is denied.

Another interrogatory to which Plaintiff objected is whether Plaintiff or counsel knows of anyone who claims to have overheard a statement made by Douglas Bernabei about the matters in this litigation. Plaintiff objected that any conversations between her and her counsel are privileged and that any attorney investigation is work product. Plaintiff is wrong about this. This interrogatory plainly asks about underlying facts, and such facts are not privileged simply because her attorney knows about them. Plaintiff has already produced a written statement from one person who claims to have overheard Bernebei talk about what Ribas said; that is apparently the only written document. If however, Plaintiff (herself or through her attorney) knows of other witnesses to or participants in such conversations,

outcome is the same: the Motion to Compel is denied.

this question must be answered. And if Plaintiff (or her attorney) knows of no one other than the already-disclosed witness, then Plaintiff put a statement to that effect in writing.

The next interrogatory to which Plaintiff objected asked for the identity of the company or person who analyzed the computers and software in connection with both the criminal and the civil cases. Computers are important in this case because the student claimed that he and Plaintiff communicated via email. Plaintiff objected on the ground of attorney work product and as over broad and vague. She then added that if such a company or person was named as an expert they would be disclosed at the required time and manner.

If an expert was retained by Plaintiff to do the analysis for the criminal trial but that expert will not be called to testify in this case, then that expert is to be treated under Rule 26(b)(4)(B) which allows Defendants to obtain facts about and opinions of this witness only on a showing of exceptional circumstances. No such showing has been made. On the other hand, if Plaintiff retained an expert for the criminal trial and that same expert will be testifying in this case, then disclosure shall be made per the scheduling order. Either way, no disclosure is mandated on the present record, and the motion to compel is denied.

The next interrogatory asked Plaintiff to identify doctors, counselors, etc with whom she consulted about her marriage, her relationship with John Doe or her relationship with the student. According to Plaintiff, this information is prohibited from disclosure by her medical privacy rights, irrelevant, and not calculated to lead to admissible information. Defendants argue that privacy interests were waved under the Mental Health Confidentiality Act by making her mental condition an element of her claim. Moreover, Defendants argue

that Plaintiff's damages are based almost entirely on her claims of pain and suffering, severe mental anguish, and damage to reputation.

There is a significant difference in counseling that may have been received as a result of the student's claim and marital counseling that predates the underlying events. If there are any records about counseling or treatment that Plaintiff received after the dates relevant to the student's accusations, then those records may be discoverable. Plaintiff cannot claim a blanket privilege as to those documents. Rather, she must assert any claim of privilege properly - namely on a privilege log. Fed.R.Civ.P. 26(b)(5). Then she must submit those documents to the court for *in camera* review. Any such records as to which Plaintiff claims privilege are to be submitted - along with a copy of the privilege log - to chambers within 14 days of this date. Documents that predate the time when she supposedly was involved with the student are not under any circumstance discoverable in this case, and therefore need not be produced. Ruling on the motion to compel this information is deferred in part as stated herein and denied in all other respects.

Defendants' final argument relates to Plaintiff's response to their request for documents. Plaintiff responded that unprivileged documents "will be produced." On August 23, 2006, a stack of documents was sent. It was not labeled, sorted, or identified in any way as being responsive to particular requests. No privilege log has been produced.

Plaintiff must format her documents so that they are specifically responsive to each of the requests. To the extent that privilege is claimed, a log must be prepared. This is to be done within 14 days of the date of this order.

**CONCLUSION**

Plaintiff's First Motion for Protective Order (#63) is allowed. Plaintiff's Second Motion for Protective Order (#64) is granted in part and denied in part. Plaintiff's Third Motion for Protective Order is granted. Defendants' Motion to Compel (#69) is granted in part, denied in part, and deferred in part. Plaintiff's Motion to Strike (#76) is denied. Defendants' Motion for Leave to File (#68) is allowed.

Within 14 days, Plaintiff shall submit to the court for *in camera* review any documents for which she claims privilege as the basis for non-disclosure. Also within 14 days, Defendants are directed to re-file their redacted Motion to Compel with supporting Memorandum and Exhibits; the Clerk is directed to moot the re-filed motion upon its filing.

ENTER this 11th day of September 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE