**E-FILED**
Thursday, 19 April, 2007  04:00:45 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| GINA PURVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-1348 |
| | ) | |
| THE BOARD OF EDUCATION OF HALL | ) | |
| HIGH  SCHOOL DISTRICT 502, DANIEL | ) | |
| OEST, PATRICIA LUNN, GARY VICINI, | ) | |
| THE CITY OF SPRING VALLEY, ILLINOIS, | ) | |
| AND DOUGLAS BERNABEI, | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| GINA PURVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-1350 |
| | ) | |
| MICHAEL RIBAS, MARILYN RIBAS, | ) | |
| and MICKEY RIBAS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is an Appeal from the Order of the Magistrate Judge by Defendants

City of Spring Valley (the "City") and Douglas Bernabei ("Bernabei") (hereinafter referred

to jointly as the "City Defendants").  In their Appeal, the City Defendants take issue with

certain of Magistrate Judge Gorman's rulings with respect to Plaintiff's First, Second, and

Third Motions for Protective Order, Defendants' Motion to Compel, and Plaintiff's Motion to Strike.  Each argument will be addressed in turn.

## STANDARD

Title 28 U.S.C. § 636(b)(1)(A) grants magistrate judges the authority to issue orders regarding pretrial matters.  28 U.S.C. § 636(b)(1)(A) (1993).  A district court reviews any portion of a magistrate judge's order to which written objections have been made, and ". . . shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).

## DISCUSSION

The City Defendants argue that the scope of discovery must be broad enough to permit them to defend themselves against Plaintiff's claims and every element of damages sought.  They contend that the Magistrate Judge's rulings erroneously limit the scope of discovery by preventing them from fully discovering evidence necessary to: (1) defend against Plaintiff's claims that they violated her Constitutional rights because they lacked probable cause to arrest/manufactured evidence; (2) support the affirmative defense of qualified immunity; and (3) limit Plaintiff's claims for damages.

I.      Defense of Constitutional Claims

With respect to their ability to defend against Plaintiff's claim that they lacked probable cause leading up to her arrest, the City Defendants assert that they must be allowed discovery relating to each and every independent and corroborating piece of evidence that supported their belief that probable cause existed prior to the arrest. [1]

---

[1] Although there are several other Defendants in this case, this Appeal is brought only by the City and Bernabei; no other Defendants are involved in this Appeal.

According to Defendants, this would include an examination of the statements of John Doe, an individual with whom Plaintiff had an extra-marital sexual relationship.  Discovery of this evidence is argued to be essential to proving Bernabei's belief that there was probable cause, because Doe's testimony purportedly corroborated and added credibility to the statements made by the student by establishing Plaintiff's pattern of behavior and habits relating to extramarital sexual relationships.  Put another way, the City Defendants contend that details provided by Doe paralleled similar details and accounts provided by the student including her behavioral pattern in initiating extramarital sexual relationships, her way of gaining trust and sympathy from male partners, and her sexual conduct once in such a relationship.  Accordingly, such evidence is argued to establish Plaintiff's modus operandi in pursuing extra-marital sexual relationships.

Plaintiff responds that this evidence was excluded from her state court criminal trial as irrelevant and non-probative because it deals with her adult sex life and not the alleged sexual abuse of a minor.  Moreover, and more importantly, she points out that information from John Doe could not have had any part in Bernabei's probable cause determination because he did not interview John Doe until one week after Plaintiff's arrest, a fact that is conspicuously absent from Defendants' argument.[2]  As the probable cause determination depends on the facts and circumstances known to the officer at the time of arrest, this after-acquired information cannot be used to bolster his prior state of mind and is simply not

---

[2] In fact, the presentation of the City Defendants' argument strongly suggests just the opposite, that this information was well-known to and relied on by Bernabei at the time of the arrest, and borders on an overt attempt to mislead the Court.

relevant to the probable cause inquiry.  Accordingly, the Magistrate Judge's ruling was entirely proper.

Having found no clear error or decision contrary to law in the Magistrate Judge's ruling with respect to the John Doe evidence, this portion of the City Defendants' objection is overruled.

### II.      Qualified Immunity Defense

The City Defendants next argue that they are entitled to qualified immunity if a reasonable officer could have believed that, in light of the facts and circumstances within his knowledge and clearly established law, that the plaintiff had or was committing an offense.  They further contend that a reasonable, but mistaken, belief that probable cause existed is sufficient to justify a finding of qualified immunity.  The City Defendants again suggest that the information provided by John Doe was relied upon by Bernabei in establishing probable cause and must be considered in determining whether he is entitled to qualified immunity.

With all due respect, this is simply a restatement of the probable cause argument that was rejected in the prior section of this Order.  The same ruling applies whether in the context of constitutional claims or qualified immunity: facts not known to the officer at the time of arrest are not relevant to the probable cause inquiry.  Thus, this portion of the City Defendants' objections to the Magistrate Judge's Order is also overruled.

### III.      Inappropriate Relationship With a Student

The City Defendants assert that they must be allowed to defend against Plaintiff's allegations by demonstrating that she did, in fact, have an inappropriate relationship with a minor student.  Although phrased differently, this is yet another permutation of the

request for the John Doe evidence, and the City Defendants again argue that they are entitled to discover this evidence because it may corroborate statements made by the student.

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  However, where appropriate, such evidence may be admissible to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the incidents are sufficiently similar.  Id.; United States v. Owens, 424 F.3d 649, 653 (7th Cir.2005).

Here, the City Defendants represent that in her consensual relationship with John Doe, an adult male, Plaintiff performed oral sex on him.  They then suggest that such evidence would somehow be probative of Plaintiff's "modus operandi" in extra-marital sexual relationships because it is somehow corroborative of the student's claims that in Plaintiff's coercive sexual relationship with him, he withdrew his penis from her vagina and ejaculated in her mouth after having engaged in  traditional sexual intercourse.

There has been no indication that John Doe had personal knowledge of Plaintiff's alleged conduct with the student, that Plaintiff ever told him that she engaged in such conduct, that she was in a position of authority over John Doe, or that Plaintiff and John Doe ever had sexual intercourse.  In fact, the record indicates that John Doe denied that he and Plaintiff ever had sexual intercourse.

With all due respect, evidence that Plaintiff had a consensual relationship with an adult male that included only oral sex is not sufficiently similar to and, in fact, has little if any relevance in establishing that Plaintiff used her position of authority to have illegal sexual

intercourse with a minor student.  Defendants have done nothing more than suggest that

Plaintiff had extra-marital sex with more than one partner.  This simply does not establish

modus operandi, much less some other purpose permitted under Rule 404(b).

The best Defendants can offer is that by pointing to some details in Doe's testimony,

they may be able to somehow corroborate details in the student's testimony, thereby

suggesting that because Plaintiff acted in one way with the adult male, the jury must infer

that she acted in conformity with those actions in her encounters with the student.  This is

thinly veiled propensity evidence, attempting to simultaneously attack Plaintiff's character

and suggest that she acted in conformity with her "habit" in her dealings with the student.

Although this presents a closer question than the probable cause and qualified immunity

arguments, the Court cannot find that the Magistrate Judge made a clear error of fact or

law in denying Defendants' request for this discovery.

IV.     Damages

Defendant's last attempt to obtain the John Doe discovery comes under the label

of defending against claims for damages for pain and suffering, emotional distress, and

damage to personal/professional reputation.  Specifically, Defendants argue that Plaintiff

damaged her own personal and professional reputation by having an extra-marital affair

with John Doe and an inappropriate relationship with the minor student.  In addressing this

argument, the Magistrate Judge concluded:

> [T]he injuries for which she seeks damages in this litigation –
> for example, being designated a sex offender, thereby losing
> her legal ability to perform her profession, and the specific
> effect on her personal reputation of this type of accusation –
> are wholly distinct from any ramifications that might result from
> having an affair with an adult.  These types of damages
> resulting from a claim that she engaged in felonious conduct by

6

> having sex with a minor would not be mitigated by the fact of
> (or the rumor of) an extra-marital affair with an adult.

(Order at 5).

Defendants contend that a jury could find that Plaintiff's extra-marital relationship with John Doe damaged her reputation and limits her recovery of damages relating to her reputation.  Defendants then note their real purpose in attempting to introduce this evidence, that is to argue that the affair with John Doe provided independent grounds justifying the termination of Plaintiff because her adulterous relationship was technically a misdemeanor under the Illinois Criminal Code.  This is clearly an attempt to make an end-run around Rule 404 by suggesting that Plaintiff was guilty of other criminal misconduct.

This entire motion reeks of improper purpose, consisting of various backdoor attempts to attack Plaintiff's character and elude the prohibitions of Rule 404(b).  The Court agrees with the conclusion of the Magistrate Judge that Plaintiff's consensual relationship with an adult male has absolutely no relevance to this lawsuit, which stems from her arrest and prosecution for having illegal sexual intercourse with a minor student.  Nor has there been any credible showing that the discovery sought is reasonably calculated to lead to the discovery of other admissible evidence.

Having failed to demonstrate that the Magistrate Judge's Order was either clearly erroneous or contrary to law, Defendants' Rule 72(a) Objection is overruled in its entirety. Defendants will not be permitted to discover or use evidence of Plaintiff's extra-marital sexual relationship with another consenting adult to suggest that she acted in conformity

with her "habit" when she allegedly seduced and had illegal sexual intercourse with a minor

child over whom she was in a position of authority.

ENTERED this 19th day of April, 2007.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge